UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| JOHNATHAN ALLEN, | ) | |
|---|---|---|
| *Petitioner*, | ) | Case No. 2:23-cv-158 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| BRIAN ELLER, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Petitioner, a Tennessee Department of Correction prisoner, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 asserting that the Tennessee Board of Parole improperly denied him parole (Doc. 1) that is now before the Court. In support of his petition, Petitioner filed exhibits (Doc. 1-1) and a memorandum (Doc. 2). Respondent filed an answer to the petition (Doc. 14), and the state court record from Petitioner's underlying criminal proceedings (Doc. 13). After considering the parties' arguments, the state court record, and the applicable law, the Court finds that Petitioner is not entitled to relief under § 2241 for the reasons set forth below.

**I.    BACKGROUND**

Petitioner pleaded guilty to an arson committed in Lincoln County, Tennessee, and received a sentence of four years and six months in confinement. *State v. Allen*, No. M2022-01400-CCA-R3-CD, 2023 WL 5817286, at *1 (Tenn. Crim. App. Sept. 8, 2023). On appeal, Petitioner argued, among other things, that "the State's negligent handling of certain sentencing

documents caused an unreasonable delay in his transfer from the jail to the prison thereby delaying the date of his parole hearing." *Id*.

The Tennessee Court of Criminal Appeals ("TCCA") determined that Petitioner waived review of his claim that the prosecution negligently handled documents. *Id*. at *1, *6–7. It also found that, notwithstanding Petitioner's waiver, "there [was] no proof in the record to support" that claim. *Id*. at *7. Petitioner applied for discretionary review by the Tennessee Supreme Court ("TSC") (Doc. 13-12), and the TSC declined review (Doc. 13-14).

## II. ANALYSIS

This Court may issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Because Petitioner attacks the execution of his sentence in this action, § 2241 is the appropriate vehicle for his claim. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) ("In general, a petition for a writ of habeas corpus under § 2241 is reserved for a challenge to the manner in which a sentence is executed, rather than the validity of the sentence itself." (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991))).

However, a petitioner is required to exhaust his state court remedies before pursuing federal habeas corpus relief. *See Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) (finding that regardless of whether a petition is brought under § 2254 or § 2241, a petitioner "is required first to exhaust his state court remedies"); *Seaton v. Kentucky*, 92 F. App'x 174, 175 (6th Cir. 2004) (affirming dismissal of a § 2241 petition for "failure to exhaust state court remedies"). Exhaustion is a "strictly enforced doctrine designed to promote comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Rayner v. Lee*, No. 3:18-CV-01103, 2020 WL

2

58610, at *4 (M.D. Tenn. Jan. 6, 2020) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Therefore, each claim—and the substance of each claim—must have been presented to the state courts as a federal constitutional claim before it is presented in a federal habeas petition. *See*, *e.g.*, *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996). Under Tennessee law, inmates may challenge parole decisions through a petition for a writ of certiorari. *Stewart v. Schofield*, 368 S.W.3d 457, 465 (Tenn. 2012) (providing that inmates challenging a parole decision "have only the limited right of review afforded by the common law writ of certiorari").

As the record establishes that Petitioner has not exhausted his available state court remedies for the parole claims he seeks to bring herein, the Court will not address the merits of those claims. As set forth above, in his direct appeal of his conviction, Petitioner pursued a claim asserting that the prosecution's mishandling of certain documents delayed his parole hearing. (Doc. 13-9, at 32, 35.) But that claim is substantively different from Petitioner's claims in his § 2241 petition, which assert that the denial of parole to him was improper for various reasons. (Doc. 1, at 6–7.) And the record demonstrates that Petitioner did not file a petition for a writ of certiorari regarding the parole claims he seeks to bring in this action. (*See generally* Doc. 13.)

Moreover, while Petitioner states that any further attempts to exhaust his parole claims would be futile in an exhibit to his petition (Doc. 1-1, at 2) and his memorandum (Doc. 2, at 3), he does not support this conclusory assertion with any facts. Nor does Petitioner acknowledge or address his failure to file a petition of writ of certiorari regarding these claims, despite Tennessee law allowing him to do so.

Accordingly, the Court will not address the merits of Petitioner's unexhausted claims,[1] and the instant petition will be **DISMISSED**.

## III. CERTIFICATE OF APPEALABILITY

A petitioner must obtain a certificate of appealability ("COA") before he may appeal this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1); see *also Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 372 (6th Cir. 2001) (requiring prisoner to obtain a COA to appeal resolution of a § 2241 petition rejecting his challenge to his sentencing credit because his custody arose out of a state conviction). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which a petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

---

[1] Petitioner does not request that the Court stay this action and hold it in abeyance while he exhausts his state court remedies, and this Court is not required to raise or address this option on its own. *McBride v. Skipper*, 76 F.4th 509, 514 (6th Cir. 2023) ("[W]e do not require district courts to make arguments that petitioners—even pro se petitioners—fail to make. Federal district court judges have 'no obligation' to warn a pro se petitioner about such a procedure . . . (citing *Pliler v. Ford*, 542 U.S. 225, 231 (2004))). But even if Petitioner had requested that the Court stay this action and hold it in abeyance to allow him to exhaust his claims, the Court would not do so, because Petitioner has not shown good cause for his failure to exhaust his unexhausted claims before filing this action. *Rhines v. Weber*, 544 U.S. 269, 273, 277–78 (2005) (providing that "because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court[,]" and where the "unexhausted claims are [not] plainly meritless").

procedural ruling." *Slack*, 529 U.S. at 484. Because reasonable jurists would not debate that Petitioner's claims are unexhausted, a COA will not issue.

## IV. CONCLUSION

For the reasons set forth above, the instant petition for a writ of habeas corpus will be **DENIED**, this action will be **DISMISSED**, and a certificate of appealability **SHALL NOT ISSUE**. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT SHALL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**